UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| CINDY BASSAR, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:04-cv-559 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |
| | ) | |

This is a social security action brought under 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claim for disability insurance benefits (DIB).¹ Plaintiff filed her application on December 4, 2001, claiming an onset of disability of February 28, 2000. (A.R. 45-47). Plaintiff's claim was denied upon initial review, and as a disability redesign prototype case, was not subject to administrative review at the reconsideration stage. (A.R. 27). On August 26, 2003, plaintiff received a hearing before an administrative law judge (ALJ) at which plaintiff was represented by counsel. (A.R. 223-44). On January 23, 2004, the ALJ issued a decision finding that plaintiff was not disabled. (A.R. 16-22). The Appeals Council denied review on June 25, 2004 (A.R. 4-6), and the ALJ's decision became the Commissioner's final decision. On August 20, 2004, plaintiff filed her complaint in this court

---

¹ Throughout the administrative proceedings, plaintiff's last name is spelled "Bassar." The complaint and briefing by the parties utilize the spelling "Basser."

seeking review of the Commissioner's decision denying her DIB claim. Plaintiff's brief sets forth the following statement of issues for review:

> I. THE COMMISSIONER ERRED AS A MATTER OF LAW BY DETERMINING THAT MS. BASSER COULD RETURN TO HER PAST RELEVANT WORK AS AN INSPECTOR IN THE AUTOMOBILE INDUSTRY.

(Plf. Brief at 3, Statement of Errors, docket # 9). Upon review, I find that plaintiff has not established grounds for disturbing the Commissioner's decision, and recommend that the Commissioner's decision be affirmed.

### **Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997); *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston*, 245 F.3d at 534 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Walters v. Commissioner*, 127 F.3d at 528; *Hogg v. Sullivan*, 987 F.2d 328, 331 (6th Cir. 1993); *Brainard v. Secretary of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a

different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the position of the ALJ – would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004).

## **Discussion**

The ALJ found that plaintiff met the disability insured requirements of the Social Security Act on February 28, 2000, her asserted onset of disability, and continued to meet them through the date of the ALJ's decision. Plaintiff had not engaged in substantial gainful activity since her alleged onset of disability. The ALJ found that the medical evidence established that plaintiff had severe impairments of degenerative disc disease of the lumbosacral spine, migraine headaches, bilateral carpal tunnel syndrome, and depression. The ALJ found that plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. The ALJ found that plaintiff's subjective complaints were not fully credible.

[T]he undersigned has not overlooked the claimant's complaints as to her symptomology, particularly pain and the limitations she alleges arise therefrom. However, the undersigned has carefully evaluated the claimant's complaints under the guidelines set out in 404.129 of Regulations No. 4 and Social Security Ruling 96-7p. In making this evaluation, it must be concluded that the claimant was not a completely credible witness, and is not under a "disability" as defined in the Social Security Act.

First of all, there is a paucity of objective medical evidence of record to document the existence of any medically determinable impairment that possibly could cause the severe, totally disabling symptomology that is alleged. The Administrative Law Judge recognizes that the claimant does have documented abnormalities in her spine and wrist areas. However, the MRI scans of the lumbar spine done in February 1997, March 1998 and July 2000 failed to demonstrate any evidence of disc herniation or spinal stenosis. (Exhibit 2F). An x-ray of the lumbar spine done in August 2001 showed only "minimal" degenerative changes (Exhibit 4F). From a clinical standpoint, Dr. Keaveney, who examined claimant in March 2002, found only some limited motion and tenderness in the lumbar spine, and positive Tinel's signs in the wrists. The remainder of the examination was normal with respect to all of the claimant's complaints. No neurological, or other, abnormalities were noted (Exhibit 9F). Also, there are no objective findings with respect to the claimant's complaints of headaches and she admitted that her depression is not a big problem for her now.

Secondly, in assessing the claimant's credibility, the undersigned notes that the claimant has undergone carpal tunnel release procedures on each wrist, but she has not undergone any surgical procedures for her primary complaint of back pain, nor has she undergone any other real aggressive methods of pain or other symptom relief treatment. She does take some medications, but these do not include any real strong prescription analgesics. She complained of no significant side-effects from the medication she does take other than some sleepiness. Certainly, her pain and other symptomology must not be as severe as she alleged.

Also, despite alleging total inability to work, the claimant admitted at the hearing that she is able to care for her own personal needs, and spends time during the day doing a number of household chores, including cooking, washing laundry, and vacuuming. She also related that she watches television for four hours a day, goes shopping, goes out to eat, and went on a vacation during the past summer. She related the same activities to Dr. Geiger when she saw him in February 2002. Certainly, these are not the activities and abilities of an individual who is completely unable to engage in any substantial gainful activity and clearly reflect the ability to perform the limited work activities as found by the undersigned.

Furthermore, none of the doctors who have seen or examined the claimant have expressed a credible opinion that she is disabled or in any way limited to a greater degree than that found by the undersigned. In this regard, the undersigned is well aware of the statement of Dr. Roth, in January 2001, in which he indicated that the claimant "would be a candidate for

-4-

> disability" (Exhibit 1F). The undersigned has carefully evaluated this statement under the guidelines set out in section 404.1527 of Regulations No. 4. Doing so, the undersigned finds that any suggestion in this statement that the claimant is entitled to Social Security benefits is not consistent with the overall evidence of record, and is not even supported by [] Dr. Roth's own reported findings. As well, Dr. Roth is not a vocational expert, and is not in a position to give an opinion as to the existence or non-existence of jobs that claimant might be able to perform. Also, Dr. Awerbuch's statement, in August 2001, that the claimant was advised to remain off work (Exhibit 10F), is not an indication that the physician believes that the claimant is unable to perform any work.

(A.R. 20-21). The ALJ determined that plaintiff's retained the following residual functional capacity for a limited range of light work:

> The claimant has the following residual functional capacity: light work no more than occasional use of ramps or stairs; with no more than occasional kneeling, stooping, crouching or crawling; with no use of ladders, scaffolds, or ropes, with avoidance of even moderate use of pneumatic, torque or power tools, an no more than frequent handling or fingering. Additionally, she is limited to simple, unskilled work with moderate limitations in the ability to maintain attention and concentration.

(A.R. 21). The VE testified that plaintiff's past relevant work was unskilled and as generally performed in the national economy, did not require an RFC in excess of the limited range of light work set forth above. (A.R. 241-42) The ALJ found that plaintiff's RFC did not prevent her from performing her past relevant work and held that plaintiff was not disabled at step four of the sequential analysis. (A.R. 22).

**1.**

Plaintiff argues that the ALJ's finding that she was not disabled at step four of the sequential analysis is not supported by substantial evidence. At step four of the sequential analysis, it was plaintiff's burden to prove that she was unable to perform (1) the functional demands and duties of a past relevant job as she actually performed it, and (2) that she was unable to perform the functional demands and job duties of her occupation as generally required by employers throughout

the national economy.  *See Garcia v. Secretary of Health & Human Servs.*, 46 F.3d 552, 556 (6th Cir. 1995); *see also Delgado v. Commissioner*, No. 00-4200, 2002 WL 343402, at * 5 (6th Cir. Mar. 4, 2002) ("At the fourth step of the sequential evaluation process, [the claimant] must prove that she is unable to perform her past relevant work and that she is unable to return to her former type of work as generally performed."); *Rothacher v. Chater*, No. 96-4076, 1997 WL 461335, at * 3 (6th Cir. Aug. 12, 1997).  It is clear that a claimant "must prove an inability to return to h[er] former type of work and not just to h[er] former job."  *Studaway v. Secretary of Health & Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987); *see also Butrum v. Chater*, No. 96-5910, 1997 WL 112411 (6th Cir. March 12, 1997) (same).  Social Security Ruling 82-61 states that under sections 404.1520(e) and 416.920(e) of the regulations, a claimant will be found to be "not disabled" when it is determined that he or she retains the RFC to perform:  (1) "[t]he actual functional demands and job duties of a particular past relevant job;" or (2) "[t]he functional demands and job duties of the occupation as generally required by employers throughout the national economy."  Titles II and XVI: The Particular Job or the Occupation as Generally Performed, SSR 82-61 (reprinted in 1982 WL 31387, at * 2 (SSA 1982)).  The two tests set forth in SSR 82-61 are clearly disjunctive.  *See Smith v. Barnhart*, 388 F.3d 251, 253 (7th Cir. 2004); *Barnett v. Barnhart*, 362 F.3d 1020, 1023 N.3 (8th Cir. 2004); *Pass v. Chater*, 65 F.3d 1200, 1207 (4th Cir. 1995).  The VE's unrebutted testimony that the inspector occupation, as generally performed in the national economy, is unskilled, light in its exertional requirements, does not require use of ladders, scaffolds or ropes, does not involve even moderate exposure to vibrating pneumatic torque or power tools, does not involve constant fingering and handling, does not involve more than occasional use of ramps or stairs, stooping, kneeling, crouching or crawling, and does not involve more than simple one, two, or three-step instructions.

(A.R. 240-42). Plaintiff offered no contrary evidence. The ALJ relied in part upon the VE's testimony when he found that plaintiff was not disabled, because her past relevant work as an inspector in the automobile industry did not require the performance of work-related activities precluded by her RFC. (A.R. 22).

Plaintiff argues that the Commissioner's determination is not supported by substantial evidence because the ALJ may have considered jobs that plaintiff performed more than 15 years earlier as past relevant work. (Plf. Brief at 4). On December 6, 2001, plaintiff reported to the Social Security Administration various jobs she had performed "in the last 15 years that she worked." (A.R. 64). Plaintiff listed the following jobs: checker, unitizer, ABRS attendant, stockroom clerk, materials handler, janitor, and order selector. (*Id.*). The only specific dates provided by plaintiff were the dates she held the checker position (August 7, 1978 to October 1978), and the order selector position (1997 to 2001). Plaintiff argues that the ALJ's decision is not supported by substantial evidence because plaintiff did not provide the specific dates she held the unitizer, ABRS attendant, stockroom clerk, materials handler and janitor jobs:

> Ms. Bassar [sic] also has listed the following jobs: Unitizer, ABRS Attendant, Stock Room Clerk, Materials Handler and Janitor. However, there are no time frames listed as to when those jobs were performed. It does appear that they are listed in order from oldest to most recent. (Tr. 64). And if that is the case, then it appears that the Unitizer job was performed more than 15 years ago and therefore, cannot be considered past relevant work under the regulations.

(Plf. Brief at 4). This argument is meritless, because it is completely undermined by the Sixth Circuit's decision in *Smith v. Secretary of Health & Human Servs.*, 893 F.2d 106 (6th Cir. 1989). In *Smith*, the claimant unsuccessfully argued that the ALJ's decision was not supported by substantial evidence because her past unskilled work as an assembler had not been performed within

-7-

the fifteen-year period before the expiration of her disability insured status, and therefore should not have been considered past relevant work under 20 C.F.R. § 1565. The Sixth Circuit rejected this argument on three separate grounds. First, Smith had not recalled the exact dates that she had worked as an assembler. The Court of Appeals held that where, as here, a claimant provides an ambiguous response that may or may not fall within the fifteen-year period, "the record amply supports either reasoning" by the ALJ under the deferential substantial evidence standard of review. *Smith*, 893 F.2d at 108. Second, the Sixth Circuit held that the 15-year period is merely a "guideline" and is not mandatory in cases involving unskilled work. *Id.* at 109 ("We therefore conclude that the 15-year cutoff of § 404.1565(a) is not mandatory and need not be invoked where the work experience in question was unskilled."); *see also Coleman v. Chater*, No. 95-5749, 1996 WL 279868, at * 5 n.4 (6th Cir. May 24, 1996) (Rejecting the plaintiff's argument that it was improper to consider work performed "over 15 years ago," because "[t]he Social Security [r]egulation's 15-year cutoff to determine past relevant work in 20 C.F.R. §§ 404.1565(a) and 416.965(a) is not mandatory.").[2] Third, the Sixth Circuit's *Smith* decision recognized that it was *plaintiff's* burden to establish that her past work experience was not past relevant work, and that the plaintiff's ambiguous responses regarding the time period she worked as an assembler failed to

---

[2] The Sixth Circuit has observed that 20 C.F.R. §§ 404.1565(a) and 416.965(a) are ambiguous as to whether the 15-year period begins with the date of onset of disability, expiration of disability insured status, the date of the application for benefits, the date of the hearing before the ALJ's, or the date of the Commissioner's decision. *See e.g.*, *Reynolds v. Commissioner*, No. 94-1717, 1996 WL 26920, at * 1 (6th Cir. Jan. 23, 1996) *Rose v. Secretary of Health & Human Servs.*, No. 92-3908, 1993 WL 288296, at * 5 n.3 (6th Cir. July 29, 1993). Given the non-mandatory nature of the 15-year guideline, the Sixth Circuit has not yet found it necessary to define the exact point at which the 15-year period begins.

satisfy this burden. 893 F.3d at 109. The *Smith* decision is controlling and requires rejection of plaintiff's argument.

Next, plaintiff argues that the ALJ improperly "delegated his fact-finding responsibilities at Step four to the VE" because the ALJ relied in part upon the VE's testimony in making his step-four determination. (Plf. Brief at 5-6). Upon review, I find that plaintiff's argument is factually unsupported and is contrary to Sixth Circuit precedent.

It was plaintiff's burden at step four to demonstrate that her impairments precluded her from performing her past relevant work. *See Warner v. Commissioner*, 375 F.3d at 390; *Jones v. Commissioner*, 336 F.3d at 474. Social security regulations expressly authorize the ALJ to utilize testimony from a vocational expert at step four to assist the ALJ in determining whether the claimant is capable of performing her past relevant work. 20 C.F.R. § 404.1560(b)(2):

> We may use the services of vocational experts or vocational specialists, or other resources, such as the "Dictionary of Occupational Titles" and its companion volumes and supplements, published by the Department of Labor, to obtain evidence we need to help us determine whether you can do your past relevant work, given your residual functional capacity. A vocational expert or specialist may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy. Such evidence may be helpful in supplementing or evaluating the accuracy of the claimant's description of his past work. In addition, a vocational expert or specialist may offer expert opinion testimony in response to a hypothetical question about whether a person with the physical and mental limitations imposed by the claimant's medical impairment(s) can meet the demands of the claimant's previous work, either as the claimant actually performed it or as generally performed in the national economy.

(*Id.*). In support of her argument that it was somehow improper for the ALJ to consider VE testimony at step four, plaintiff cites *Crane v. Shalala*, 76 F.3d 251, 255 (9th Cir. 1996) and *Dodds v. Commissioner*, No. 01-cv-72190-DT, 2002 WL 1880754, at * 3 (E.D. Mich. 2002). In both *Crane* and *Dodds*, the plaintiffs unsuccessfully argued that the Commissioner's step-four determination of

nondisability was not supported by substantial evidence because the ALJ *had not* obtained VE testimony. These cases stand for the unremarkable proposition that VE testimony is not *required* at step four. *See Smith*, 893 F.3d at 110; *see also Schibler v. Secretary of Health & Human Servs.*, No. 90-4113, 1991 WL 89911, at * 1 (6th Cir. May 29, 1991) ("Although [plaintiff] asserts that the Secretary was required to have a vocational expert testify at the hearing, a finding of nondisability may be made at step four of the sequential evaluation in 20 C.F.R. § 404.1520 (1990) without reference to a vocational expert."). *Crane* and *Dobbs* do not remotely support plaintiff's contention that it was improper for the ALJ to utilize VE testimony to assist him in making his step-four findings. The above-quoted regulation is expressly permissive: the ALJ "may" use the services of vocational experts. 20 C.F.R. § 404.1560(b)(2). Recently, the Eleventh Circuit succinctly summarized the permissive use of VE testimony to assist the ALJ at step four:

> [A]lthough VE testimony is not required in determining whether a claimant can perform her past relevant work, *see Lucas v. Sullivan,* 918 F.2d 1567, 1573 n .2 (11th Cir.1990), the regulations provide that "the services of vocational experts or vocational specialists" may be used in making this determination because such an expert "may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy," *see* 20 C.F.R. § 404.1560(b)(2).

*Hennes v. Commissioner*, No. 04-13705, 2005 WL 1027242, *2 (11th Cir. May 3, 2005). Here, the VE testified that a hypothetical person with the same RFC as plaintiff could perform plaintiff's past relevant work as that occupation is generally performed in the larger economy. The VE identified the functional demands of plaintiff's occupation within the regional economy, and the VE's testimony concerning the regional economy is evidence of the demands of the occupation as performed in the larger national economy. *See, e.g., Tidwell v. Barnhart*, No. 02-6370, 2004 WL

261012, at * 2 (6th Cir. Feb. 11, 2004).  The ALJ's reliance upon the VE's testimony to support his step-four determination of nondisability was entirely proper.

Plaintiff cites the Tenth Circuit's decision in *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996), as support for her argument that the Commissioner's decision should be reversed because the ALJ improperly "shifted" or "delegated his fact-finding authority to the VE."  (Plf. Brief at 5-6). Unlike the Sixth Circuit, the Tenth Circuit analyzes step-four findings by ALJs in terms of three "phases": "[I]n the first phase, the ALJ must evaluate the claimant's physical and mental residual functional capacity . . . in the second phase, he must determine the physical and mental demands of the claimant's past relevant work . . . and in the final phase, the ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental or physical limitations found in phase one."  92 F.3d at 1023. The Tenth Circuit's *Winfrey* decision criticized an ALJ for his "phase-two" failure to inquire as to the mental demands of the plaintiff's past relevant work as actually performed by plaintiff or as generally performed in the national economy.

> Here, the ALJ made no inquiry into, or any findings specifying the mental demands of plaintiff's past relevant work, either as plaintiff actually performed the work or as it is customarily performed in the national economy.

*Id.* at 1024.  Unlike the Sixth Circuit, where the plaintiff must demonstrate inability to perform her past relevant work, the Tenth Circuit imposes upon the ALJ, even in cases where the plaintiff is represented by counsel, a special duty to develop the record as to the demands of the plaintiff's past relevant work.  *Id.*   In *Winfrey*, the Tenth Circuit found that, "Having failed to complete phase two appropriately, the ALJ was unable to make the necessary findings at phase three about plaintiff's ability to meet the mental demands of his past relevant work despite his mental impairments."  *Id.* at 1025.  The Tenth Circuit then concluded its step-four discussion with the following statement:

> The Secretary glosses over the absence of the required ALJ findings, by relying on the testimony of the VE that plaintiff could meet the demands of his past relevant work, given the mental limitations found by the ALJ. This practice of delegating to the VE many of the ALJ's fact finding responsibilities at step four appears to be of increasing prevalence and is to be discouraged . . . . When, as here, the ALJ makes findings only about the claimant's limitations, and the remainder of step four assessment takes place in the VE's head, we are left with nothing to review.

*Id.* at 1025. Here, in contrast to *Winfrey*, the VE expressly testified concerning the demands of plaintiff's occupation as generally performed in the national economy. The court need not guess at the VE's reasoning. Notably, plaintiff's brief fails to cite the Tenth Circuit's subsequent decision in *Doyal v. Barnhart*, 331 F.3d 758, 761 (10th Cir. 2003), emphasizing the limited scope of the *Winfrey* decision, and rejecting the notion that reliance upon testimony from the VE at step four is somehow inappropriate.

> The ALJ did not delegate the analysis to the vocational expert; instead, he quoted the VE's testimony approvingly, in support of his own findings at phases two and three of the analysis. There was nothing improper about this. An ALJ may rely on information supplied by the VE at step four.

*Doyal*, 331 F.3d at 761 (citations omitted); *see also Gibson v. Barnhart*, No. 02-6337, 2003 WL 21702496 at * 3 (10th Cir. July 23, 2003). In summary, I find that plaintiff's argument ALJ improperly "shifted" or "delegated his fact-finding authority to the VE" is devoid of factual and legal support. This argument does not provide any basis for disturbing the Commissioner's decision.

Plaintiff's two remaining arguments do not correspond to any appellate issue raised in plaintiff's statement of errors. On that basis alone, the arguments could be rejected as having been waived,[3] but indulgently will be addressed herein. On page 10 of her brief, plaintiff takes issue with

---

[3] *See Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 317 (6th Cir. 2005); *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 462 (6th Cir. 2003); *United States v. Hough*, 276 F.3d 884, 890 (6th Cir. 2002); *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996) ("[I]ssues averted to in a perfunctory manner, unaccompanied by some effort at developed augmentation, are

the ALJ's observations concerning the January 24, 2001 letter from Dr. Roth. Plaintiff reported to the Social Security Administration that Harold F. Roth, D.O., a family physician, had seen her on an "as needed" basis from October 16, 2000, through November 14, 2001. (A.R. 67). Plaintiff did not submit in support of her disability claim any records from Dr. Roth regarding care he had provided other than the January 24, 2001 letter. (A.R. 95). The letter states that plaintiff appeared at Dr. Roth's office on January 24, 2001 for completion of a social security disability form. Dr. Roth did not describe any x-ray, MRI or other objective test results. He did not describe any medications prescribed, nor any treatment he had provided plaintiff with regard to her lower back. Dr. Roth related that plaintiff had a history of low back pain and that she had recently been granted disability by her employer for this condition. Dr. Roth reported that his examination of plaintiff on January 24, 2001 revealed "tenderness," primarily in the low thoracic and mid lumbar regions bilaterally, positive straight leg raising tests, moderate to significant lower back tenderness to palpation, and significant restriction of the lower thoracic and lumbar spine. The ALJ's determination that Dr. Roth's statement that plaintiff should be considered a "candidate for disability" was not entitled to any particular weight because it was inconsistent with the overall evidence of record and was not supported by Dr. Roth's own reported findings is supported by more than substantial evidence. *See Bogle v. Sullivan*, 998 F.2d 342, 347-48 (6th Cir. 1993); *see also Carrean v. Massanari*, No. 01-3552, 2002 WL 31654581, at * 1 (6th Cir. Nov. 21, 2002).

Plaintiff makes a passing argument that "the ALJ's hypothetical was inconsistent with the medical evidence of record." (Plf. Brief at 10). A VE's testimony in response to a hypothetical question accurately reflecting a claimant's impairments provides substantial evidence supporting the

---

deemed waived.").

Commissioner's decision.  *See Varley v. Secretary of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987); *see also Baranich v. Barnhart*, No. 04-3461, 2005 WL 894363, at * 4 (6th Cir. Apr. 19, 2005).  The ALJ's hypothetical accurately reflected plaintiff's impairments.  The ALJ found that plaintiff's subjective complaints were not fully credible.  It is well settled that a hypothetical question to a VE need not include unsubstantiated complaints.  *See Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993); *see also Walton v. Commissioner*, No. 01-2135, 2003 WL 1875559, at * 9 (6th Cir. Apr. 11, 2003).

## Recommended Disposition

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.

Dated:  May 31, 2005            /s/  Joseph G. Scoville
                                United States Magistrate Judge


## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).